# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JEFFRY ZICCARELLI,

               *Plaintiff,*

-against-

NYU HOSPITALS CENTER a/k/a NYU LANGONE MEDICAL CENTER and CHERYL LONG, SHERYL BUSHMAN, NADER MHERABI and NANCY BEALE, Individually and As Employers.

               *Defendants.*

Civil Action No. 1:15-cv-09307-DAB

Honorable Deborah A. Batts, U.S.D.J.

<u>Document Electronically Filed</u>

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS NYU HOSPITALS CENTER, NADER MHERABI AND NANCY BEALE'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**GONZALEZ SAGGIO & HARLAN LLP**
Steven Gerber, Esq.
Ola Nunez, Esq.
747 Third Avenue, Suite 1101
New York, New York 10017
(212) 380-9560
*Attorneys for Defendants, NYU Hospitals Center, Nader Mherabi and Nancy Beale*

*On the Brief:*

    Steven Gerber, Esq.
    Ola Nunez, Esq.

Dated:  December 7, 2015

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

THE FACTUAL ALLEGATIONS......................................................................... 3

    The Factual Allegations Related to Plaintiff's FMLA Interference and Retaliation Claims ............................................................................................................ 3

    The Factual Allegations Relating to Plaintiff's Claim of Improper Access to His Medical Information ........................................................................................ 4

    Factual Allegations Related to the Sexual Harassment and Retaliation Claims.................. 6

ARGUMENT ..................................................................................................... 7

POINT I    PLAINTIFF FAILS TO STATE A CLAIM FOR THE THIRD THROUGH SIXTH CAUSES OF ACTION AS AGAINST THE HOSPITAL, AS WELL AS FOR THE FIRST THROUGH THIRD CAUSES OF ACTION AS AGAINST INDIVIDUAL DEFENDANTS BEALE AND MHERABI................................................................................. 7

    A.    The Standards on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. ................ 7

    B.    Plaintiff Fails to Allege Plausible Facts Sufficient to State a Claim For Improper Disclosure of Medical Information Under New York Common Law............................................................................................ 8

        1.    Plaintiff's cause of action alleging improper disclosure of medical information may not be predicated on New York's Civil Practice Law and Rule 4504(a) and Public Health Law § 4410(2), and is instead a tort-based claim that is properly barred by the New York Workers' Compensation Law. ........................................................................................ 8

        2.    Even if Plaintiff's claim was not barred by the Workers' Compensation Law, Plaintiff fails to allege plausible facts that would establish a breach by the NYUHC Defendants............. 9

    C.    Plaintiff's Negligence-Based Claims in the Third, Fourth and Fifth Causes of Action Fail as a Matter of Law Because They Are Barred By the Workers' Compensation Act. ............................................ 13

    D.      Plaintiff Fails to Satisfy Procedural Prerequisites for his Claim Under the Americans With Disabilities Act; Therefore the Sixth Cause of Action Must be Dismissed...........................................................16

    E.      Plaintiff Fails to Allege Plausible Facts Sufficient to State a Claim for Individual Liability Against Individual Defendants Mherabi and Beale Under the FMLA....................................................................17

CONCLUSION....................................................................................................18

## TABLE OF AUTHORITIES

*Acevedo v. Consolidated Edison Co.,*
 189 A.D.2d 497 (1st Dep't),
 *lv. dismissed* 82 N.Y.2d 748, 622 N.E.2d 307 (N.Y. 1993) .........................................14, 15

*AllGood Ent., Inc. v. Dileo Ent. & Touring, Inc.,*
 726 F. Supp. 2d 307 (S.D.N.Y. 2010).................................................................................8

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009).............................................................................................................8

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007).............................................................................................................7

*Carruthers v. Flaum,*
 388 F.Supp.2d 360 (S.D.N.Y. 2005).................................................................................10

*Chrzanowski v. Lichtman,*
 884 F.Supp. 751 (W.D.N.Y.1995)....................................................................................15

*Daly v. Metropolitan Life Ins. Co.,*
 782 N.Y.S.2d 530 (N.Y. Sup. Ct., New York County 2004)..............................................9

*Doe v. Comm'y Health Plan-Kaiser Corp.,*
 268 A.D.2d 183 (3d Dep't 2000) ........................................................................................9

*Doe v. Guthrie Clinic, Ltd.,*
 22 N.Y.3d 480 (2014) .....................................................................................................9, 11

*Doe v. Guthrie Clinic, Ltd.,* 11-CV-6089T,
 2012 WL 531026 (W.D.N.Y. Feb. 17, 2012)
 *aff'd in part,* 519 Fed. Appx. 719 (2d Cir. 2013)
 *aff'd,* 740 F.3d 864 (2d Cir. 2014).......................................................................10, 11, 12

*Doe v. Guthrie Clinic, Ltd.,*
 710 F.3d 492 (2d Cir. 2013)..............................................................................................11

*Doe v. Guthrie Clinic, Ltd.,*
 519 Fed. Appx. 719 (2d Cir. 2013) ..............................................................................11, 12

*Ferris v. Delta Air Lines, Inc.,*
 277 F.3d 128 (2d Cir. 2001)..............................................................................................13

*Finch v. Swingly,*
 42 A.D.2d 1035 (4th Dep't 1973) ................................................................................14, 15

*Gregory v. Daly,*
　　243 F.3d 687 (2d Cir. 2001)........................................................................8

*Jurado v Kalache,*
　　912 N.Y.S.2d 375 (N.Y. Sup. Ct., Westchester County, 2010)...............8, 9

*Lattibeaudiere v. AMR Serv. Corp.,* 95 Civ. 5269,
　　1996 WL 518076 (E.D.N.Y. Sept. 3, 1996) ...........................................15

*Leeds v. Meltz,*
　　85 F.3d 51 (2d Cir. 1996).........................................................................8

*Lightman v. Flaum,*
　　97 N.Y.2d 128, 761 N.E.2d 1027 (N.Y. 2001) .......................................9

*Maas v Cornell Univ.,*
　　253 A.D.2d 1, 683 N.Y.S.2d 634 (3d Dept 1999)
　　*aff'd,* 94 N.Y.2d 87, 699 N.Y.S.2d 716, 721 N.E.2d 966 (1999) ............13, 14

*Martinez v. Canteen Vending Services Roux Fine Dining Chartwheel,*
　　18 A.D.3d 274 (1st Dep't 2005) .............................................................14

*Papasan v. Allain,*
　　478 U.S. 265 (1986) ................................................................................8

*Pasqualini v MortgageIT, Inc.,*
　　498 F Supp 2d 659 (S.D.N.Y. 2007).......................................................14

*Pereira v. St. Joseph's Cemetery,*
　　54 A.D.3d 835 (2d Dep't 2008) .........................................................14, 15

*Rosario v. Copacabana Night Club,*
　　1998 WL 273110, 1998 U.S. Dist. LEXIS 7840 (S.D.N.Y. May 28, 1998) ...................14

*Ross v. Mitsui Fudosan, Inc.,*
　　2 F.Supp.2d 522 (S.D.N.Y. 1998) ..........................................................13

*Simmons v. Moodt,*
　　36 Fed.Appx. 676 (2d Cir. 2002) ............................................................16

*Smith v. Westchester County,*
　　769 F. Supp. 2d 448 (S.D.N.Y. 2011)......................................................17

*Starr v. Sony BMG Music Ent.,*
　　592 F.3d 314 (2d Cir. 2010)
　　*aff'd in part,* 519 Fed. Appx. 719 (2d Cir. 2013)
　　*aff'd,* 740 F.3d 864 (2d Cir. 2014) ...........................................................8

*Thompson v Maimonides Med. Ctr.,*
    86 A.D.2d 867 (2d Dep't 1982) ..................................................................14, 15, 16

*Torres v. Pisano,*
    116 F.3d 625 (2d Cir. 1997)......................................................................13

*Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*
    351 Fed. Appx. 472 (2nd Cir. 2009) ......................................................10

*Walker v. Weight Watchers Intern.,*
    961 F.Supp. 32 (E.D.N.Y. 1997) ...........................................................15

## United States Code

29 U.S.C. §§ 2601 *et seq.,*
    Family and Medical Leave Act ("FMLA") ...................................... *passim*

42 U.S.C. §§ 12101-12213,
    Americans with Disabilities Act of 1990 ("ADA")................................ *passim*

42 U.S.C. § 12117(a) ...............................................................................16

## Federal Rules

Fed. R. Civ. P. 12(b)(6)............................................................................ *passim*

## State Law

Admin. Code of the City of N.Y. §§ 8-101 *et seq.*
    ("New York City Human Rights Law" or "NYCHRL") ........................... *passim*

N.Y. CPLR 4504...............................................................................1, 8

N.Y. Public Health Law § 4410(2) .....................................................1, 8

N.Y. Workers' Compensation Law § 11 ...............................................13

N.Y. Workers' Compensation Law § 29(6)...........................................13

## PRELIMINARY STATEMENT

Plaintiff Jeffry Ziccarelli ("Plaintiff" or "Ziccarelli") claims interference with his rights and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") (First and Second Causes of Action), common law improper disclosure of medical information (Third Cause of Action), common law negligence (Fourth Cause of Action) and gross negligence (Fifth Cause of Action), a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.* ("ADA") (Sixth Cause of Action), and hostile work environment and retaliation under the New York City Human Rights Law, Admin. Code of the City of N.Y. §§ 8-101 *et seq.* ("NYCHRL") (Seventh Cause of Action).

In addition to suing Defendant NYU Hospitals Center a/k/a New York University Langone Medical Center ("NYUHC" or the "Hospital"), Ziccarelli also seeks to hold individual defendants, Cheryl Long ("Long"), Sheryl Bushman ("Bushman"), Nader Mherabi ("Mherabi") and Nancy Beale ("Beale"), liable for the claims in the First, Second, Third, and Seventh Causes of Action.  Defendants NYUHC, Mherabi and Beale (collectively, the "NYUHC Defendants") move pursuant to Fed. R. Civ. P. 12(b)(6) for partial dismissal of the Complaint, specifically, the Third, Fourth, Fifth and Sixth Causes of Action in their entirety, and the First, Second, and Third Causes of Action against individual defendants Mherabi and Beale.[1]

Plaintiff Ziccarelli's Complaint alleges that defendant Long improperly accessed his medical information stored in the Hospital's system, and seeks to hold the Hospital and the individual defendants liable under a common law claim of improper disclosure of medical information.  Under well-settled law, Plaintiff's claim cannot be predicated on statutory privileges such as N.Y. CPLR 4504 and N.Y. Public Health Law 4410(2), which he relies upon

---

[1]    Individually-named defendants Long and Beale, on information and belief, have not yet been served.

1

in his Complaint.  Rather, under New York law, such a claim is based in tort.   Hence, this claim

must be dismissed against all defendants because as such claims arose in the course of Plaintiff's

employment by the Hospital, these negligence-type claims are barred by the New York Workers'

Compensation Law.

The Fourth and Fifth Causes of Action alleging negligence and gross negligence, which

stem from the same allegation as the Third Cause of Action, are barred for the same reason.

Moreover, even if the New York Workers' Compensation Law did not apply to bar Plaintiff's

claims, Plaintiff has not alleged any plausible facts that the Hospital, or Mherabi or Beale,

actually breached any duty of confidentiality, and that they did so knowingly, or that they

improperly accessed or disseminated Ziccarelli's information.  Further, Plaintiff has not alleged

any plausible facts that would establish that Mherabi and Beale *owed* Plaintiff any fiduciary

duty.

Plaintiff's Sixth Cause of Action alleging a violation of the ADA also stems from the

claims that Long improperly accessed Ziccarelli's medical information.  The Sixth Cause of

Action must be dismissed because Ziccarelli failed to satisfy a procedural prerequisite to filing

suit under the ADA by failing to file (or failing to plead that he filed) an administrative charge of

discrimination with the EEOC.

Finally, the First and Second Causes of Action cannot be maintained against individual

defendants Mherabi and Beale.  Plaintiff Ziccarelli makes unsupported and factually deficient

allegations "upon information and belief" that individual defendants Mherabi and Beale "aided

and abetted" another defendant's conduct alleged to be interference and retaliation with

Plaintiff's FMLA rights.  However, Ziccarelli fails to allege a single allegation based in fact

regarding what Mherabi and Beale purportedly did or did not do that constitutes "aiding and

abetting" the FMLA interference or retaliation. Thus, in the absence of factually supportable allegations, the First and Second Causes of Action as to individual defendants Mherabi and Beale should be dismissed as a matter of law.

For the reasons that follow, NYUHC, Mherabi and Beale respectfully submit that this Court should enter an Order dismissing the First and Second Causes of Action as against Mherabi and Beale, as well as the Third through Sixth Causes of Action in their entirety, with prejudice.

## THE FACTUAL ALLEGATIONS[2]

### *The Factual Allegations Related to Plaintiff's FMLA Interference and Retaliation Claims*

Plaintiff Ziccarelli, who was employed as a Senior Epic Analyst I for the Hospital prior to his cessation of employment with the Hospital, alleges he began a leave under the FMLA on April 23, 2013, in order to undergo a surgery to repair his proximal humerus fracture and rotator cuff tear. *See* Compl. ¶ 15. Ziccarelli alleges that in July 2013, while on leave, he began reporting to defendant Cheryl Long (who, on information and belief, has not yet been served). *See* Compl. ¶ 18. Ziccarelli alleges that, while on FMLA leave, Long "began to require Plaintiff to work remotely," "began to pressure him to return to work," "sent Plaintiff work-related e-mails, presented him with work questions and sent him work assignments for which he had not volunteered," "forced Plaintiff to endure lengthy work-related phone calls that she placed to his home and called him at his home even on weekends," and upon Ziccarelli's information and belief "directed or encouraged" other employees to send him emails concerning work-related matters. *See* Compl. ¶¶ 19-23. Ziccarelli further contends that when he "resisted Long's

---

[2]     The following summary of Ziccarelli's allegations are for purposes of the proposed motion to dismiss only and do not constitute an admission by the NYUHC Defendants of any of the factual allegations against it or of any liability whatsoever on the part of the NYUHC Defendants to Ziccarelli.

attempts to force [him] to perform a number of work-related tasks while on FMLA leave," Long proposed that Ziccarelli work as a consultant during his leave, which he alleges he declined, and "further pressured Plaintiff to cut his FMLA leave short, telling Plaintiff that she would limit his hours if he returned before his FMLA leave ended." *See* Compl. ¶¶ 24-25. Ziccarelli alleges that "due to the relentless pressure," he "returned to work early on or about July 1, 2013 out of fear that his job would be in jeopardy or his duties effected if he did not return to work." Compl. ¶ 27.

Ziccarelli alleges that when he returned to work, "Long began to force Plaintiff to work eight- to ten- hour days on a full-time basis and to even work weekends." Compl. ¶ 28. Ziccarelli alleges he expressed his concerns to Long about the impact on his recovery of the long hours and his early return to work, but he alleges Long was dismissive and retaliated against him by "consistently treat[ing] him in an unduly harsh manner and subject[ing] him to unfair treatment, overloading him with more work than he had received at any time prior to his leave and consistently and unfairly berating him." *See* Compl. ¶¶ 31-32, 34. Ziccarelli alleges that his working conditions caused him to go back on FMLA leave from "in or about late August 2013 through in or about early October 2013." *See* Compl. ¶ 36.

*The Factual Allegations Relating to Plaintiff's Claim of Improper Access to His Medical Information*

Ziccarelli alleges he had "utilized the medical services of NYU[HC] beginning on or about April 13, 2013 for the purposes of obtaining surgery and other medical treatment." Compl. ¶ 38. He alleges "*[o]n information and belief*, Long and/or another NYU[HC] employee acting at her direction . . . accessed and reviewed Plaintiff's confidential medical records for the purpose of trying to find evidence that Plaintiff was capable of returning from his FMLA leave and/or undermining or challenging Plaintiff's FMLA rights and benefits." Compl. ¶ 37 (emphasis

4

added).   Ziccarelli alleges that his "confidential medical information was stored in NYU's electronic database of patient medical records," and alleges "*on information and belief*, employees with access to the 'support environment,' . . . can view patient records by logging in as themselves or another." Compl. ¶¶ 40, 43 (emphasis added).   Ziccarelli alleges that "[t]he support environment is accessible to the hundreds of NYU[HC] employees who work in the Information Technology Department, including Long." Compl. ¶ 46.  Ziccarelli alleges NYUHC knew or should have known that the system allowed such access, and "that employees were unlawfully accessing confidential patient medical records . . . because, *on information and belief*, NYU[HC] management had previously been informed that a number of employees  had wrongfully viewed patient records and that such confidential medical records were accessible by persons having no authority, permission or consent to review those records." Compl. ¶¶ 47-48 (emphasis added).

Ziccarelli alleges that Long made statements about his treatment with him during his first FMLA leave which he had not disclosed to her and that, *on information and belief*, "Long or other unauthorized persons" had accessed information from his confidential medical records stored in NYU's electronic database. *See* Compl. ¶¶ 50-51.  Ziccarelli further alleges a colleague told him that "Long had been viewing his medical records and tracking his e-mails while he was on FMLA leave[.]" *See* Compl. ¶ 53.  Ziccarelli alleges, *on information and belief*, that "Long and/or another NYU[HC] employee unlawfully viewed [his] confidential medical records" during both FMLA leaves. *See* Compl. ¶ 54.

<u>*Factual Allegations Related to the Sexual Harassment and Retaliation Claims*</u>

Ziccarelli alleges that "in or about August 13, 2013," he witnessed Bushman sexually harassing a young male employee. *See* Compl. ¶¶ 55-56. Ziccarelli alleges he reported the incident to NYUHC. *See* Compl. ¶ 57. Ziccarelli further alleges that because of his complaints about "Long and Bushman's behavior, as well as defendants' intolerance for, resentment at and refusal to accept Plaintiff's exercise of his FMLA rights, Long and Bushman began to accelerate their harassment and retaliation against Plaintiff." Compl. ¶ 58. Ziccarelli alleges he complained again about Long and Bushman in or about late August 2013 before his second FMLA leave of absence, and shortly before returning to work in early October 2013. *See* Compl. ¶ 61. Ziccarelli alleges when he returned, "Long's and Bushman's campaign of harassment and retaliation resumed and intensified[,]" including providing him with a low performance evaluation score. *See* Compl. ¶¶ 65, 67.

Ziccarelli finally alleges, again "*on information and belief*", that Beale "aided and abetted defendants Long's and Bushman's discriminatory and retaliatory conduct, and conspired with Long to fabricate the false and inaccurate performance review" and, "*on information and belief,*" Mherabi "aided and abetted defendants Long's, Bushman's and/or Beale's discriminatory and retaliatory conduct, and failed or refused to act to stop such discriminatory and retaliatory reviews despite plaintiff's request that take steps to stop such conduct." *See* Compl. ¶¶ 75-76 (emphasis added). No other facts concerning Beale's or Mherabi's alleged roles or actions are plead. Ultimately, Ziccarelli alleges he was constructively terminated and resigned on or about June 20, 2014. *See* Compl. ¶ 84.

# ARGUMENT

## POINT I

**PLAINTIFF FAILS TO STATE A CLAIM FOR THE THIRD THROUGH SIXTH CAUSES OF ACTION AS AGAINST THE HOSPITAL, AS WELL AS FOR THE FIRST THROUGH THIRD CAUSES OF ACTION AS AGAINST INDIVIDUAL DEFENDANTS BEALE AND MHERABI.**

### A. The Standards on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555-56; *see also Iqbal*, 556 U.S. at 678-79.

While the pleading need not allege "detailed factual allegations," it must do more than make an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citations omitted). "[B]ald contentions, unsupported characterizations, and legal

7

conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss."

*Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). *See also Gregory v. Daly*, 243 F.3d 687, 692 (2d

Cir. 2001) ("[A] simple declaration that defendant's conduct violated the ultimate legal standard

at issue ... does not suffice"); *Papasan v. Allain*, 478 *U.S.* 265, 286 (1986) (court is "not bound to

accept as true a legal conclusion couched as a factual allegation.")

In reviewing a motion to dismiss, a court should accept well-pleaded facts as true and

determine whether they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

However, "'[w]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct,' [] dismissal is appropriate." *AllGood Ent., Inc. v. Dileo Ent. &*

*Touring, Inc.*, 726 F. Supp. 2d 307, 313 (S.D.N.Y. 2010) (citing *Starr v. Sony BMG Music Ent.*,

592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679)).

**B.      Plaintiff Fails to Allege Plausible Facts Sufficient to State a Claim For Improper Disclosure of Medical Information Under New York Common Law.**

**1.      Plaintiff's cause of action alleging improper disclosure of medical information may not be predicated on New York's Civil Practice Law and Rule 4504(a) and Public Health Law § 4410(2), and is instead a tort-based claim that is properly barred by the New York Workers' Compensation Law.**

In the Complaint, Plaintiff Ziccarelli cites New York's Civil Practice Law and Rule

(CPLR) 4504(a) and N.Y. Public Law § 4410(2) as support of his common law claim for

improper disclosure of medical information.  As a preliminary matter, New York courts have

held that "[a]lthough statutory privileges [such as CPLR 4504(a)] may overlap with the implied

fiduciary duty of confidentiality which attaches to a physician-patient relationship [] a cause of

action for breach of fiduciary duty of confidentiality for unauthorized disclosure of medical

records or information does not arise from a statutory right or evidentiary rules." *See Jurado v*

8

*Kalache*, 912 N.Y.S.2d 375, 378-379 (N.Y. Sup. Ct., Westchester County 2010) [*citing Lightman v. Flaum,* 97 N.Y.2d 128, 137, 761 N.E.2d 1027, 1032 (N.Y. 2001); *Daly v. Metropolitan Life Ins. Co.,* 782 N.Y.S.2d 530, 534-535 (N.Y. Sup. Ct., New York County 2004)]. As the Court of Appeals of New York has held, "the evidentiary rules set forth in article 45 of the CPLR, including CPLR 4504, are not the sources of the underlying duties of fiduciary duty of confidentiality which exist in a confidential relationship, such as physician-patient, and article 45 does not establish the parameters of those fiduciary relationships." *Jurado, supra*, 912 N.Y.S.2d at 378-379 (citing *Lightman, supra,* 97 N.Y.2d at 137, 761 N.E.2d at 1032). Similarly, "a private cause of action may not be predicated on [N.Y.] Public Health Law § 4410(2)[.]" *Doe v. Comm'y Health Plan-Kaiser Corp.,* 268 A.D.2d 183, 187 (3d Dep't 2000) (rejected on other grounds by *Doe v. Guthrie Clinic, Ltd.*, 22 N.Y.3d 480 (2014)).

Rather, the common law cause of action for disclosure of confidential personal information is derived from the "the implied covenant of trust and confidence that is inherent in the physician-patient relationship, *the breach of which is actionable as a tort." Daly, supra,* 782 N.Y.S.2d at 534-535 (*emphasis added*). For the reasons discussed at length in Point I (C), Ziccarelli's claims sounding in negligence, including the common law claim for improper disclosure of medical information, are barred by the New York Workers' Compensation Law, and thus these claims must be dismissed.

### 2. Even if Plaintiff's claim was not barred by the Workers' Compensation Law, Plaintiff fails to allege plausible facts that would establish a breach by the NYUHC Defendants.

While Ziccarelli's claim is clearly barred by the Workers' Compensation Law, Ziccarelli also fails to allege any plausible facts that would establish a breach on the part of the Hospital, Mherabi or Beale. Although distinguishable from Ziccarelli's claims in several respects, the

following case is illustrative for purposes of considering Ziccarelli's claim in the context of this Fed. R. Civ. P. 12(b)(6) motion.  In *Doe v. Guthrie Clinic, Ltd.*, the plaintiff alleged that the defendants, private medical clinic entities, violated several common law and statutory duties when a nurse at a medical clinic where plaintiff was being treated revealed private personal health information to plaintiff's girlfriend, who was related to the nurse, regarding his treatment for a sexually transmitted disease.  *Doe v. Guthrie Clinic, Ltd.*, 11-CV-6089T, 2012 WL 531026, at *1 (W.D.N.Y. Feb. 17, 2012) *aff'd in part,* 519 Fed. Appx. 719 (2d Cir. 2013) and *aff'd,* 740 F.3d 864 (2d Cir. 2014).  Doe alleged in the Complaint that defendants, *inter alia,* "breached their duty of confidentiality to him; violated New York State Public Health and Civil Practice laws; ...; and negligently hired or retained the nurse who wrongfully disclosed plaintiff's private health information." 2012 WL 531026 at *1.  The defendants moved for dismissal. *Id.*

Consistent with well-settled law, the district court noted that "[c]ourts in New York have unanimously held that Section 4504 [of the New York State Civil Practice Law and Rules] does not provide a private cause of action to a plaintiff seeking damages for the alleged unauthorized disclosure of confidential health information." 2012 WL 531026, at *9.  Recognizing the plaintiff's claim under New York law as a claim of breach of fiduciary duty, the court noted plaintiff was required to allege: "(1) the existence of a fiduciary relationship; (2) a knowing breach of a duty that relationship imposes; and (3) damages suffered." 2012 WL 531026, at *3 [citing *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.* 351 Fed. Appx. 472, 474 (2nd Cir. 2009) (quoting *Carruthers v. Flaum,* 388 F.Supp.2d 360, 381 (S.D.N.Y. 2005)].  The *Doe v. Guthrie Clinic, Ltd.* district court noted there was "no allegation that any of the defendants breached any duty of confidentiality, or that they did so knowingly," as the plaintiff had alleged that the *nurse* "improperly accessed Doe's information and improperly disseminated

that information to Doe's girlfriend." 2012 WL 531026, at *3. Since there was "no allegation that any of the defendants improperly accessed or disseminated plaintiff's information," the court found "plaintiff [] failed to establish a breach by any of the defendants." *Id.*

Doe subsequently appealed the dismissal to the Second Circuit, which then certified the following question to the New York Court of Appeals: "Whether, under New York law, the common law right of action for breach of the fiduciary duty of confidentiality for the unauthorized disclosure of medical information may run directly against medical corporations, even when the employee responsible for the breach is not a physician and acts outside the scope of her employment?" *Doe v. Guthrie Clinic, Ltd.*, 710 F.3d 492, 494 (2d Cir. 2013). The New York Court of Appeals answered the question in the negative, and held that "a medical corporation's duty of safekeeping a patient's confidential medical information is *limited to those risks that are reasonably foreseeable* and to actions within the scope of employment." *Doe v Guthrie Clinic, Ltd.*, 22 N.Y.3d 480, 482, 485 (2014) (*emphasis added*). Where an employee is acting outside the scope of employment, an injured plaintiff may have a "direct cause of action against the medical corporation for its own conduct, be it negligent hiring, supervision or other negligence," including "for failing to establish adequate policies and procedures to safeguard the confidentiality of patient information or to train their employees to properly discharge their duties under those policies and procedures." *Id.* at 485.

In a separate opinion, the Second Circuit reviewed the dismissal of the negligent hiring, training, retention and/or supervision claims. The Second Circuit explained: "To prevail on such a claim, a plaintiff must allege, among other things, that 'the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence,' *i.e.*, that the negligent conduct was "reasonably foreseeable." *Doe v. Guthrie*

*Clinic, Ltd.,* 519 Fed. Appx. 719, 721 (2d Cir. 2013).   The Second Circuit agreed that the complaint failed to allege sufficient facts to present a plausible claim that the medical clinic defendants "knew or should have known of any propensity on the part of [the nurse] to violate her duty to maintain the confidentiality of patient medical records."  *Id.* at 721.  Since "the mere happening of the incident complained of" is not enough to state a claim for negligent supervision or retention, the Second Circuit upheld the dismissal of that claim.  *Id.*

As addressed in Point I (C), Ziccarelli cannot as a matter of law maintain negligence claims against the Hospital.  Further, as in *Doe v. Guthrie Clinic, Ltd.,* there is no allegation in Ziccarelli's Complaint that the Hospital, Mherabi or Beale improperly accessed or improperly disclosed his medical information.  Thus, even if the workers' compensation exclusivity bar did not apply, Ziccarelli cannot establish a breach of fiduciary duty by the Hospital, Mherabi or Beale.  Importantly, Ziccarelli has not pleaded a single plausible fact to even remotely suggest that individual defendants Mherabi or Beale owed Ziccarelli any duty whatsoever with respect to his medical records.  Finally, even if Ziccarelli's claims were not barred by the N.Y. Workers' Compensation Law, he has failed to allege sufficient facts to present a plausible claim that NYUHC knew or should have known of any propensity on the part of Long to violate the "duty to maintain the confidentiality of patient medical records."  Therefore, for the reasons set forth above and in Point I (C), the Third Cause of Action should be dismissed.

**C.      Plaintiff's Negligence-Based Claims in the Third, Fourth and Fifth Causes of Action Fail as a Matter of Law Because They Are Barred By the Workers' Compensation Act.**

Under New York law, claims sounding in negligence brought by an employee against an employer are barred by the exclusivity of remedy provisions set forth in N.Y. Workers' Compensation Law § 11 and § 29(6). N.Y. Workers' Comp. Law § 29(6) provides in pertinent part:

> The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee ... when such employee is injured or killed by the negligence or wrong of another in the same employ .... The limitation of liability of an employer ... for the injury or death of an employee shall be applicable to another in the same employ ....

"[W]hen a defense based on the exclusivity of the statutory remedy is interposed, no suit against an employer may be maintained for an accidental injury that may be fairly described as 'arising out of and in the course of the employment.'"  *Maas v Cornell Univ.*, 253 A.D.2d 1, 3, 683 N.Y.S.2d 634 (3d Dept 1999) *aff'd*, 94 N.Y.2d 87, 699 N.Y.S.2d 716, 721 N.E.2d 966 (1999).

Consequently, courts have barred claims brought by employees against employers alleging, *e.g.*, negligent hiring and supervision, negligence in failing to institute and follow policies to prevent discriminatory conduct, and vicarious liability for an employee's intentional tort (unless there were facts that an employer deliberately acted to harm the employee).  *See Torres v. Pisano*, 116 F.3d 625 (2d Cir. 1997) (holding common law negligence claims asserted on the basis of an alleged hostile work environment because of co-worker harassment are barred by the New York Workers' Compensation Law); *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128 (2d Cir. 2001) (holding claims for negligent retention and supervision are barred by the New York Workers' Compensation Law); *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 532-33 (S.D.N.Y. 1998) (holding negligence claims in sexual harassment lawsuit are barred by exclusive

remedy provisions of New York Workers' Compensation Law); *Rosario v. Copacabana Night Club*, 1998 WL 273110, 1998 U.S. Dist. LEXIS 7840 (S.D.N.Y. May 28, 1998) (Duffy, J.) (holding negligent hiring, retention and supervision claims barred by New York Workers' Compensation Law). "So too . . . plaintiff[-employee] cannot sue defendant[-employer] for injuries caused by the latter's alleged negligence, i.e., *unintentional conduct,* in carrying out the disciplinary action against him in the course of his employment." *Maas v Cornell Univ.*, 253 A.D.2d 1, 3 (3d Dept 1999) *affd*, 94 N.Y.2d 87 (1999).

Claims of gross negligence likewise are barred by the Workers' Compensation Law. *See, e.g.*, *Thompson v Maimonides Med. Ctr.*, 86 A.D.2d 867, 868 (2d Dep't 1982); *Pasqualini v MortgageIT, Inc.*, 498 F Supp 2d 659, 666-67 (S.D.N.Y. 2007) (citing another district court's holding that "even if [an employer's] actions may have amounted to gross negligence or recklessness, these are 'not an exception under Workers' Compensation Law.'")

The sole exception to the workers' compensation bar is where an "intentional tort was perpetrated by the employer or at the employer's direction." *See Martinez v. Canteen Vending Services Roux Fine Dining Chartwheel,* 18 A.D.3d 274, 275 (1st Dep't 2005) [citing *Acevedo v. Consolidated Edison Co.,* 189 A.D.2d 497 (1st Dep't), *lv. dismissed* 82 N.Y.2d 748, 622 N.E.2d 307 (N.Y. 1993), quoting *Finch v. Swingly,* 42 A.D.2d 1035 (4th Dep't 1973)]. In other words, for "an intentional tort [] [to] give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege 'an intentional or deliberate act by the employer directed at causing harm to this particular employee.'" *Pereira v. St. Joseph's Cemetery*, 54 A.D.3d 835, 836 (2d Dep't 2008).

"In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of the act[;] [a] mere knowledge and appreciation of a risk is not

the same as the intent to cause injury." *Pereira, supra*, 54 A.D.3d at 836-37 (citing *Acevedo, supra*, 189 A.D.2d at 500). "A result is intended if the act is done with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." *Finch, supra*, 42 A.D.2d at 1035. Since "[l]iability imputed to an employer through *respondeat superior* [] does not include the employer's participation in the intentional tort[,] [] a common law action pleading *respondeat superior* would be barred by the Compensation Law." *Thompson, supra*, 86 A.D.2d at 868. Moreover, "[a]llegations that the employer exposed the employee to a substantial risk of injury have been held insufficient to circumvent the exclusivity of the remedy provided by the Workers' Compensation Law." *Pereira, supra*, 54 A.D.3d at 837.

Significantly, Ziccarelli does not allege any intentional conduct on the part of the Hospital, but rather alleges that the Hospital "committed a wrongful, tortuous act" by failing to have proper procedures to prevent improper access and disclosure, and by failing to properly supervise and train employees. *See* Compl., ¶ 108. Ziccarelli further claims gross negligence on the part of the Hospital. *See* Compl., Fifth Cause of Action. As discussed in Point I (B), Ziccarelli's claim of improper disclosure of medical information is a tort-based claim. These claims are clearly barred by the New York Workers' Compensation Law. *See Walker v. Weight Watchers Intern.*, 961 F.Supp. 32, 35-36 (E.D.N.Y. 1997) (dismissing negligent hiring and retention claims, which claims "brought by an employee are barred by Workers' Compensation."); *Lattibeaudiere v. AMR Serv. Corp.*, 95 Civ. 5269, 1996 WL 518076, at *5 (E.D.N.Y. Sept. 3, 1996) (holding negligent hiring and retention claims barred by Workers' Compensation); *Chrzanowski v. Lichtman*, 884 F.Supp. 751, 756 (W.D.N.Y.1995) (finding negligent hiring claim was "clearly" barred by Workers' Compensation Law).

Importantly, "[t]he Workers' Compensation bar applies even though the employee suffers some loss for which he cannot be compensated under the Compensation Law." *Thompson, supra,* 86 A.D.2d at 868. Where a plaintiff "seeks recovery for injuries, which have not as yet been recognized as compensable (loss of reputation, humiliation and embarrassment), benefits would still be available for psychological injuries, such as depression anxiety or psychotic reactions, as well as physical injuries[]. When the injury is compensable, at least in part, all common law remedies are abrogated[.]" *Thompson, supra,* 86 A.D.2d at 868.

For the foregoing reasons, the Third, Fourth and Fifth Causes of Action should be dismissed with prejudice.

**D.   Plaintiff Fails to Satisfy Procedural Prerequisites for his Claim Under the Americans With Disabilities Act; Therefore the Sixth Cause of Action Must be Dismissed.**

Ziccarelli's Sixth Cause of Action is based upon the following provision of the Americans with Disabilities Act ("ADA"):

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A).

Under Title I of the ADA, an employee must file an administrative charge of discrimination before he may commence an action under the ADA. *See* 42 U.S.C. § 12117(a); *Simmons v. Moodt,* 36 Fed.Appx. 676, 677 (2d Cir. 2002) ("[a] prerequisite to the filing of a complaint under the ADA is the filing of a discrimination claim with the EEOC [or other appropriate agency] within 300 days of the allegedly discriminatory action"). Plaintiff has not set forth any allegations which would demonstrate his compliance with this procedural prerequisite. For this reason, the Sixth Cause of Action must be dismissed.

16

**E.      Plaintiff Fails to Allege Plausible Facts Sufficient to State a Claim for Individual Liability Against Individual Defendants Mherabi and Beale Under the FMLA.**

The test applicable in the Second Circuit for holding an individual liable under the FMLA is "whether, as a matter of economic reality, an entity is an employer for purposes of the FLSA." *Smith v. Westchester County,* 769 F. Supp. 2d 448, 475 (S.D.N.Y. 2011). This entails a factual inquiry concerning "whether each named individual defendant controlled in whole or in part" a plaintiff's rights under the FMLA. To survive a motion to dismiss, a plaintiff "need not allege sufficient facts to satisfy the economic reality test" but instead must simply "plead that the proposed individual defendants had substantial control over the aspects of employment alleged to have been violated." *Smith,* 769 F. Supp. 2d at 475-476.

A review of the Complaint reveals Ziccarelli's sole, conclusory allegation against Beale alleges "on information and belief" that Beale aided and abetted "Long's and Bushman's discriminatory and retaliatory conduct, and conspired with Long to fabricate the false and inaccurate performance review." Compl. ¶ 75. Similarly, Ziccarelli's sole, conclusory allegation against Mherabi alleges "on information and belief" that Mherabi "aided and abetted "Long's, Bushman's and/or Beale's discriminatory and retaliatory conduct, and failed or refused to act to stop such unlawful discriminatory and retaliatory reviews despite plaintiff's request that take steps to stop such conduct." Compl. ¶ 76. Such conclusory, factually deficient allegations "on information and belief" are insufficient and fail to satisfy the pleading standard. Thus, the claims arising under the FMLA seeking to hold Mherabi and Beale individually liable should be dismissed.

**CONCLUSION**

For the foregoing reasons, the NYUHC Defendants respectfully urge that their motion for

partial dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

claim be granted in its entirety.

Respectfully submitted,

**GONZALEZ SAGGIO & HARLAN LLP**
*Attorneys for Defendant NYU Hospitals Center*
*a/k/a NYU Langone Medical Center, Nancy Beale*
*and Nader Mherabi*

By:    *s/ Steven Gerber*

Dated: December 7, 2015          Steven Gerber
                                 Ola A. Nunez