# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JEFFRY ZICCARELLI,

                *Plaintiff*,

-against-

NYU HOSPITALS CENTER a/k/a NYU LANGONE MEDICAL CENTER and CHERYL LONG, SHERYL BUSHMAN, NADER MHERABI and NANCY BEALE, Individually and As Employers.

                *Defendants.*

Civil Action No. 1:15-cv-09307-DAB

Honorable Deborah A. Batts, U.S.D.J.

Document Electronically Filed

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SHERYL BUSHMAN AND CHERYL LONG'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**GONZALEZ SAGGIO & HARLAN LLP**
747 Third Avenue, Suite 1101
New York, New York 10017
(212) 380-9560
*Attorneys for Defendants, NYU Hospitals Center, Nader Mherabi, Nancy Beale, Sheryl Bushman and Cheryl Long*

*On the Brief:*

    Steven Gerber, Esq.
    Ola Nunez, Esq.

Dated:  February 26, 2016

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

THE FACTUAL ALLEGATIONS ................................................................................ 3

    The Factual Allegations Related to Plaintiff's FMLA Interference and Retaliation
    Claims ..................................................................................................................... 3

    The Factual Allegations Relating to Plaintiff's Claim of Improper Access to His
    Medical Information ................................................................................................ 4

    Factual Allegations Related to the Sexual Harassment and Retaliation Claims ................ 6

ARGUMENT ................................................................................................................ 6

POINT I     PLAINTIFF FAILS TO STATE A CLAIM FOR THE FIRST
           THROUGH THIRD CAUSES OF ACTION AS AGAINST
           BUSHMAN, AS WELL AS FOR THE THIRD CAUSE OF
           ACTION AS AGAINST LONG ................................................................ 6

        A.    The Standards on a Fed. R. Civ. P. 12(b)(6) Motion to
             Dismiss ................................................................................... 6

        B.    Plaintiff Fails to Allege Plausible Facts Sufficient to State a
             Claim for Individual Liability Against Bushman Under the
             FMLA. ................................................................................... 8

        C.    Plaintiff Fails to Allege Plausible Facts Sufficient to State a
             Claim For Improper Disclosure of Medical Information
             Under New York Common Law ................................................ 11

            1.    Plaintiff's common law improper disclosure of
                 medical information claim is a tort-based claim that
                 is properly barred by the New York Workers'
                 Compensation Law. ..................................................... 11

            2.    Even if Plaintiff's claim was not barred by the
                 Workers' Compensation Law, Plaintiff fails to
                 allege plausible facts that would establish a claim
                 against Bushman and Long. ......................................... 14

CONCLUSION ............................................................................................................ 16

# TABLE OF AUTHORITIES

*Acevedo v. Consolidated Edison Co.*,
189 A.D.2d 497 (1st Dep't),
*lv. dismissed* 82 N.Y.2d 748, 622 N.E.2d 307 (N.Y. 1993) ...............................12

*Adams v. Shipman*, No. 1:13-CV-858,
2014 U.S. Dist. LEXIS 137669, 2014 WL 4924299 (M.D.N.C. Sept. 30, 2014) ...............9

*AllGood Ent., Inc. v. Dileo Ent. & Touring, Inc.*,
726 F. Supp. 2d 307 (S.D.N.Y. 2010)..................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................6, 7, 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................6, 7

*Crittendon v. Arai Americas, Inc.*, No. 2:13-CV-567 (RGD),
2014 U.S. Dist. LEXIS 12515, 2014 WL 354517 (E.D.Va. 2014)......................................9

*Daly v. Metropolitan Life Ins. Co.*,
782 N.Y.S.2d 530 (N.Y. Sup. Ct., New York County 2004)........................................11, 14

*Dilworth v. Goldberg*,
914 F. Supp. 2d 433 (S.D.N.Y. 2012)...................................................................15

*Doe v. Guthrie Clinic, Ltd.*, No. 11-CV-6089T,
2012 U.S. Dist. LEXIS 20507 (W.D.N.Y. Feb. 17, 2012) .................................................15

*Ferris v. Delta Air Lines, Inc.*,
277 F.3d 128 (2d Cir. 2001)..........................................................................14

*Finch v. Swingly*,
42 A.D.2d 1035 (4th Dep't 1973) ...................................................................12

*Gray v. Wackenhut Servs., Inc.*,
721 F. Supp. 2d 282 (S.D.N.Y. 2010),
*aff'd*, 446 F. App'x 352 (2d Cir. 2011) ..............................................................15

*Gregory v. Daly*,
243 F.3d 687 (2d Cir. 2001)............................................................................7

*Johnson v. A.P. Prods.*,
934 F. Supp. 625 (S.D.N.Y. 1996) ...................................................................8

*Leeds v. Meltz,*
    85 F.3d 51 (2d Cir. 1996).................................................................................7

*Maas v Cornell Univ.,*
    253 A.D.2d 1, 683 N.Y.S.2d 634 (3d Dept 1999)
    *aff'd*, 94 N.Y.2d 87, 699 N.Y.S.2d 716, 721 N.E.2d 966 (1999) ................................12, 14

*Martinez v. Canteen Vending Services Roux Fine Dining Chartwheel,*
    18 A.D.3d 274 (1st Dep't 2005) .......................................................................12

*Nash v. Oberman,*
    117 A.D.2d 724 (2d Dep't 1986) ......................................................................14

*Noia v. Orthopedic Assocs. of Long Island,*
    93 F. Supp. 3d 13 (E.D.N.Y. 2015) ...............................................................9, 11

*Papasan v. Allain,*
    478 U.S. 265 (1986) ......................................................................................7

*Pasqualini v MortgageIT, Inc.,*
    498 F Supp 2d 659 (S.D.N.Y. 2007)..................................................................14

*Pereira v. St. Joseph's Cemetery,*
    54 A.D.3d 835 (2d Dep't 2008) .......................................................................12

*Rosario v. Copacabana Night Club,*
    1998 WL 273110, 1998 U.S. Dist. LEXIS 7840 (S.D.N.Y. May 28, 1998) ....................14

*Ross v. Mitsui Fudosan, Inc.,*
    2 F.Supp.2d 522 (S.D.N.Y. 1998) ...................................................................14

*Smith v. Westchester County,*
    769 F. Supp. 2d 448 (S.D.N.Y. 2011).............................................................8, 9

*Spinelli v. City of N.Y. Law Dep't,* No. 13-CV-07112 (GBD)(SN),
    2014 U.S. Dist. LEXIS 107164 (S.D.N.Y. Aug. 1, 2014) ......................................8

*Starr v. Sony BMG Music Ent.,*
    592 F.3d 314 (2d Cir. 2010)
    *aff'd in part,* 519 Fed. Appx. 719 (2d Cir. 2013)
    *aff'd,* 740 F.3d 864 (2d Cir. 2014) ..............................................................7, 8

*Thompson v Maimonides Med. Ctr.,*
    86 A.D.2d 867 (2d Dep't 1982)......................................................................13

*Torres v. Pisano,*
    116 F.3d 625 (2d Cir. 1997)...........................................................................14

*Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*
    351 Fed. Appx. 472 (2nd Cir. 2009) .................................................................15

**United States Code**

29 U.S.C. §§ 2601 *et seq.*,
    Family and Medical Leave Act ("FMLA") ............................................... *passim*

42 U.S.C. §§ 12101-12213,
    Americans with Disabilities Act of 1990 ("ADA") ................................... *passim*

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ *passim*

**State Law**

Admin. Code of the City of N.Y. §§ 8-101 *et seq.*
    ("New York City Human Rights Law" or "NYCHRL") ........................... *passim*

N.Y. Workers' Compensation Law § 11 .......................................................................11

N.Y. Workers' Compensation Law § 29(6) ...................................................................12

## PRELIMINARY STATEMENT

Plaintiff Jeffry Ziccarelli ("Plaintiff" or "Ziccarelli") filed suit against Defendant NYU Hospitals Center a/k/a New York University Langone Medical Center ("NYUHC" or the "Hospital"), Nader Mherabi ("Mherabi"), Nancy Beale ("Beale"), Sheryl Bushman ("Bushman") and Cheryl Long ("Long").  Ziccarelli claims interference with his rights and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") (First and Second Causes of Action), common law improper disclosure of medical information (Third Cause of Action), common law negligence (Fourth Cause of Action) and gross negligence (Fifth Cause of Action), a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.* ("ADA") (Sixth Cause of Action), and hostile work environment and retaliation under the New York City Human Rights Law, Admin. Code of the City of N.Y. §§ 8-101 *et seq.* ("NYCHRL") (Seventh Cause of Action).

On December 7, 2015, Defendants NYUHC, Mherabi and Beale moved pursuant to Fed. R. Civ. P. 12(b)(6) for partial dismissal of the Complaint (hereinafter referred to as the "NYUHC Defendants' Motion to Dismiss"), specifically, the Third, Fourth, Fifth and Sixth Causes of Action in their entirety, and the First, Second, and Third Causes of Action against individual defendants Mherabi and Beale.  *See* Docket Entry Nos. 10-11.  On January 19, 2016, Ziccarelli filed his opposition to the motion and a cross-motion for leave to file an amended complaint, which, in part, conceded the dismissal of the Sixth Cause of Action premised upon the ADA. *See* Docket Entry Nos. 20-21.  The NYUHC Defendants filed their reply brief on February 1, 2016.  *See* Docket Entry Nos. 23.  The NYUHC Defendants' Motion to Dismiss is currently pending.

On December 28, 2015, during the pendency of NYUHC Defendants' Motion to Dismiss,

1

Rule 4 Waivers of Service were executed on behalf of Bushman and Long.  *See* Docket Entry Nos. 18-19.   For substantially similar reasons as set forth in the NYUHC, Mherabi and Beale's motion to dismiss, Bushman and Long now move pursuant to Fed. R. Civ. P. 12(b)(6) for partial dismissal of the Complaint, specifically, the First, Second, Third Causes of Action as to Bushman, and the Third Cause of Action as to Long.

First, according to the Complaint, Ziccarelli's claims against Bushman arise from his allegations that he complained to NYUHC's Human Resources about an alleged incident of sexual harassment that he claims he witnessed involving Bushman and another employee, and suffered retaliation from Bushman after his complaints about such incident.  While Ziccarelli, in various allegations, collectively alleges retaliation by Bushman and Long following complaints about each of them, there are simply no factually supportable allegations plead against Bushman that she somehow engaged in interference with Ziccarelli's FMLA rights, or retaliated against him for taking an FMLA leave of absence.  Rather, the only incident he alleges he complained about with respect to Bushman was the purported sexual harassment.  Thus, the First and Second Causes of Action as to individual defendant Bushman should be dismissed as a matter of law.

Additionally, as addressed at length in the moving and reply briefs filed in connection with the NYUHC Defendants' Motion to Dismiss, Ziccarelli's claims against Bushman and Long under the tort-based New York common law claim of improper disclosure of medical information are barred by the New York Workers' Compensation Law.  The claim is premised upon Ziccarelli's allegations that defendant Long improperly accessed his medical information stored in the Hospital's system for the purpose of interfering with his FMLA rights.  Since the allegations underlying this claim are tied to his status as an employee, this claim must be dismissed because it constitutes a negligence-based claim that arose in the course of Ziccarelli's

employment by the Hospital.

Moreover, even if the New York Workers' Compensation Law did not apply, Ziccarelli has also failed to allege any plausible facts that Bushman actually breached any duty of confidentiality and that she did so knowingly, or that she improperly accessed or disseminated Ziccarelli's information. Further, just as with Mherabi and Beale, Plaintiff has not alleged any plausible facts that would establish that Bushman or Long *owed* Plaintiff any fiduciary duty with respect to his medical records, without which there can be no liability.

For the reasons set forth in this brief, Bushman and Long respectfully submit that this Court should enter an Order dismissing the First, Second and Third Causes of Action as against Bushman, as well as the Third Cause of Action as against Long, with prejudice.

## THE FACTUAL ALLEGATIONS[1]

### *The Factual Allegations Related to Plaintiff's FMLA Interference and Retaliation Claims*

Plaintiff Ziccarelli, who was employed as a Senior Epic Analyst I for the Hospital prior to his cessation of employment with the Hospital, alleges he began a leave under the FMLA on April 23, 2013, in order to undergo a surgery to repair his proximal humerus fracture and rotator cuff tear. *See* Compl. ¶ 15. Ziccarelli alleges that in July 2013, while on leave, he began reporting to defendant Cheryl Long. *See* Compl. ¶ 18. Ziccarelli alleges that, while on FMLA leave, Long "began to require Plaintiff to work remotely," "began to pressure him to return to work," "sent Plaintiff work-related e-mails, presented him with work questions and sent him work assignments for which he had not volunteered," "forced Plaintiff to endure lengthy work-

---

[1]    The following summary of Ziccarelli's allegations, which is substantially similar to the summary provided in the NYUHC Defendants' Motion (*see* Docket Entry Nos. 11), are for purposes of the proposed motion to dismiss only and do not constitute an admission by the defendants of any of the factual allegations against them or of any liability whatsoever on the part of the defendants to Ziccarelli.

related phone calls that she placed to his home and called him at his home even on weekends," and upon Ziccarelli's information and belief "directed or encouraged" other employees to send him emails concerning work-related matters. *See* Compl. ¶¶ 19-23. Ziccarelli further contends that when he "resisted Long's attempts to force [him] to perform a number of work-related tasks while on FMLA leave," Long proposed that Ziccarelli work as a consultant during his leave, which he alleges he declined, and "further pressured Plaintiff to cut his FMLA leave short, telling Plaintiff that she would limit his hours if he returned before his FMLA leave ended." *See* Compl. ¶¶ 24-25. Ziccarelli alleges that "due to the relentless pressure," he "returned to work early on or about July 1, 2013 out of fear that his job would be in jeopardy or his duties effected if he did not return to work." Compl. ¶ 27.

Ziccarelli alleges that when he returned to work, "Long began to force Plaintiff to work eight- to ten- hour days on a full-time basis and to even work weekends." Compl. ¶ 28. Ziccarelli alleges he expressed his concerns to Long about the impact on his recovery of the long hours and his early return to work, but he alleges Long was dismissive and retaliated against him by "consistently treat[ing] him in an unduly harsh manner and subject[ing] him to unfair treatment, overloading him with more work than he had received at any time prior to his leave and consistently and unfairly berating him." *See* Compl. ¶¶ 31-32, 34. Ziccarelli alleges that his working conditions caused him to go back on FMLA leave from "in or about late August 2013 through in or about early October 2013." *See* Compl. ¶ 36.

### *The Factual Allegations Relating to Plaintiff's Claim of Improper Access to His Medical Information*

Ziccarelli alleges he had "utilized the medical services of NYU[HC] beginning on or about April 13, 2013 for the purposes of obtaining surgery and other medical treatment." Compl. ¶ 38. He alleges "*[o]n information and belief*, Long and/or another NYU[HC] employee acting

4

at her direction . . . accessed and reviewed Plaintiff's confidential medical records for the purpose of trying to find evidence that Plaintiff was capable of returning from his FMLA leave and/or undermining or challenging Plaintiff's FMLA rights and benefits." Compl. ¶ 37 (*emphasis added*). Ziccarelli alleges that his "confidential medical information was stored in NYU's electronic database of patient medical records," and alleges "*on information and belief*, employees with access to the 'support environment,' . . . can view patient records by logging in as themselves or another." Compl. ¶¶ 40, 43 (*emphasis added*). Ziccarelli alleges that "[t]he support environment is accessible to the hundreds of NYU[HC] employees who work in the Information Technology Department, including Long." Compl. ¶ 46. Ziccarelli alleges NYUHC knew or should have known that the system allowed such access, and "that employees were unlawfully accessing confidential patient medical records . . . because, *on information and belief*, NYU[HC] management had previously been informed that a number of employees   had wrongfully viewed patient records and that such confidential medical records were accessible by persons having no authority, permission or consent to review those records." Compl. ¶¶ 47-48 (*emphasis added*).

Ziccarelli alleges that Long made statements about his treatment with him during his first FMLA leave which he had not disclosed to her and that, *on information and belief*, "Long or other unauthorized persons" had accessed information from his confidential medical records stored in NYU's electronic database. *See* Compl. ¶¶ 50-51. Ziccarelli further alleges a colleague told him that "Long had been viewing his medical records and tracking his e-mails while he was on FMLA leave[.]" *See* Compl. ¶ 53. Ziccarelli alleges, *on information and belief*, that "Long and/or another NYU[HC] employee unlawfully viewed [his] confidential medical records" during both FMLA leaves. *See* Compl. ¶ 54.

*Factual Allegations Related to the Sexual Harassment and Retaliation Claims*

Ziccarelli alleges that "in or about August 13, 2013," he witnessed Bushman sexually harassing a young male employee. *See* Compl. ¶¶ 55-56. Ziccarelli alleges he reported the incident to NYUHC. *See* Compl. ¶ 57. Ziccarelli further alleges that because of his complaints about "Long and Bushman's behavior, as well as defendants' intolerance for, resentment at and refusal to accept Plaintiff's exercise of his FMLA rights, Long and Bushman began to accelerate their harassment and retaliation against Plaintiff." Compl. ¶ 58. Ziccarelli alleges he complained again about Long and Bushman in or about late August 2013 before his second FMLA leave of absence, and shortly before returning to work in early October 2013. *See* Compl. ¶ 61. Ziccarelli alleges when he returned, "Long's and Bushman's campaign of harassment and retaliation resumed and intensified[,]" including Long providing him with a low performance evaluation score. *See* Compl. ¶¶ 65, 67. Ultimately, Ziccarelli alleges he was constructively terminated and resigned on or about June 20, 2014. *See* Compl. ¶ 84.

## ARGUMENT

### POINT I

**PLAINTIFF FAILS TO STATE A CLAIM FOR THE FIRST THROUGH THIRD CAUSES OF ACTION AS AGAINST BUSHMAN, AS WELL AS FOR THE THIRD CAUSE OF ACTION AS AGAINST LONG.**

**A. The Standards on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555-56; *see also Iqbal*, 556 U.S. at 678-79.

While the pleading need not allege "detailed factual allegations," it must do more than make an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citations omitted). "[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss." *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996). *See also Gregory v. Daly,* 243 F.3d 687, 692 (2d Cir. 2001) ("[A] simple declaration that defendant's conduct violated the ultimate legal standard at issue ... does not suffice"); *Papasan v. Allain,* 478 *U.S.* 265, 286 (1986) (court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

In reviewing a motion to dismiss, a court should accept well-pleaded facts as true and determine whether they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, "'[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' [] dismissal is appropriate." *AllGood Ent., Inc. v. Dileo Ent. & Touring, Inc.*, 726 F. Supp. 2d 307, 313 (S.D.N.Y. 2010) (citing *Starr v. Sony BMG Music Ent.,*

592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679)).

**B.      Plaintiff Fails to Allege Plausible Facts Sufficient to State a Claim for Individual Liability Against Bushman Under the FMLA.**

The test applicable in the Second Circuit for holding an individual liable under the FMLA is "whether, as a matter of economic reality, an entity is an employer for purposes of the FLSA." *Smith v. Westchester County*, 769 F. Supp. 2d 448, 475 (S.D.N.Y. 2011).  This entails a factual inquiry concerning "whether each named individual defendant controlled in whole or in part" a plaintiff's rights under the FMLA.  To survive a motion to dismiss, a plaintiff "need not allege sufficient facts to satisfy the economic reality test" but instead must simply "plead that the proposed individual defendants had substantial control over the aspects of employment alleged to have been violated." *Smith,* 769 F. Supp. 2d at 475-476; *Spinelli v. City of N.Y. Law Dep't*, No. 13-CV-07112 (GBD)(SN), 2014 U.S. Dist. LEXIS 107164, at *36 (S.D.N.Y. Aug. 1, 2014) (citing *Smith*, 769 F. Supp. 2d at 476) (*emph. added*).

Stated differently, the FMLA "extends to all those who controlled in whole or in part [plaintiff's] *ability to take a leave of absence and return to [his] position.*" *Johnson v. A.P. Prods.*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996) (dismissing FMLA individual liability claim where plaintiff alleged Human Resources manager terminated her after informing company about pregnancy-related complications preventing her from working, where there were no factual allegations that individual exercised control over her ability to take a leave of absence or her termination) (*emph. added*).  *See also Spinelli*, No. 13-CV-07112 (GBD) (SN), 2014 U.S. Dist. LEXIS 107164, at *39-40 (finding dismissal of FMLA individual liability claim proper in the absence of allegations that individual interfered with or retaliated against employee's use of FMLA accommodations.)

Federal district courts interpreting individual liability under the FMLA have held that the

absence of factual allegations of an individual's direct involvement in the alleged FMLA violation is fatal to a plaintiff's individual liability claim under the FMLA. *See Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 3d 13, 17 (E.D.N.Y. 2015) (denying Rule 15(a) motion to amend complaint to assert a FMLA claim against individual defendant where plaintiff failed to allege individual's direct involvement in the alleged FMLA violation; plaintiff had merely alleged that individual "was an owner, member, and/or principal of the Defendant and that he enjoyed supervisory authority over the Plaintiff, including the power to make decisions with respect to the terms and conditions of her employment") [citing *Adams v. Shipman*, No. 1:13CV858, 2014 U.S. Dist. LEXIS 137669, 2014 WL 4924299, at *9 (M.D.N.C. Sept. 30, 2014) ("Although Plaintiff has alleged that Defendants Shipman and Timmons had supervisory authority over Human Resources and, as an extension, the decisions of Defendants Hennike and Cahill, Plaintiff has failed to allege any direct involvement in the alleged FMLA violation by Defendants Shipman and Timmons."); *Crittendon v. Arai Americas, Inc.*, No. 2:13-CV-567 (RGD), 2014 U.S. Dist. LEXIS 12515, 2014 WL 354517, at *4 (E.D.Va. 2014) ("An individual who exercises *supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation while acting in the employer's interest* is subject to individual liability under the FMLA.")][2]

Ziccarelli has not alleged any facts in his Complaint which, if accepted as true, would demonstrate that Bushman had substantial control over Ziccarelli's rights to take a FMLA leave or return to his position. Significantly, according to Plaintiff's own pleading, he took two leaves

---

[2] *Compare Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 475-76 (S.D.N.Y. 2011) (finding dismissal inappropriate where plaintiff adequately plead factual allegations of specific conduct by individual defendants that they each controlled his rights under the FMLA or had substantial control over the aspects of his employment that he alleged were violated, such as allegations that he was: 1) placed on attendance review by defendant who controlled whether he could be placed on attendance review; 2) sent home by defendant upon his return to work for failing to obtain unnecessary medical clearance; 3) wrongfully placed on attendance review by defendant for absences on dates he took FMLA leave; and 4) in receipt of a letter from defendant improperly denying his request for an extension of his FMLA leave.)

of absence within six months, each of which lasted ten or eleven weeks in duration and cumulatively totaled twenty or more weeks.  *See* Compl., ¶ 54.  Ziccarelli does not allege Bushman communicated with him while he was on leave or pressured him to return to work earlier than he was medically able to do so.  Nor does he allege facts suggesting direct involvement on Bushman's part in conduct related specifically to his FMLA leaves of absence that led to his purported forcible resignation nearly eight months later.

In response to the NYUHC Defendants' Motion to Dismiss, which seeks dismissal of the FMLA individual liability claims on the same grounds as set forth herein, Ziccarelli offered a proposed First Amended Complaint as part of his cross-motion for leave to file an amended complaint.  Such proposed complaint should not be permitted for the reasons expressed more fully in the NYUHC Defendants' reply brief filed in connection with the NYUHC Defendants' Motion to Dismiss.  However, as the proposed complaint included proposed allegations against Bushman, which still fail to state an individual liability claim against Bushman, such allegations are addressed herein.

As Mherabi and Beale, Ziccarelli set forth allegations in his proposed complaint based "upon information and belief" of Bushman's managerial authority, yet failed to plead any factual allegations regarding any conduct by Bushman that would demonstrate that she controlled his FMLA rights in whole or in part or had substantial control over the aspects of his employment that he alleged were violated.  *See* Docket Entry No. 22-2, Ex. B to Bierman Cert., ¶¶ 15-16, 31-33.  However, Ziccarelli's proposed allegation, upon information and belief, that Bushman was "aware of, condoned and/or assisted in attempting to force Plaintiff to work while on FMLA leave, attempting to force Plaintiff to end his FMLA leave early and/or in forcing Plaintiff to work excessive hours after his return from leave," is patently deficient.  *See* Docket Entry No.

22-2, Ex. B to Bierman Cert., ¶¶ 31-32.

Ultimately, Ziccarelli does not allege a single fact that suggests, apart from alleged overall managerial or supervisory authority over his department, that Bushman had any actual involvement in conduct that, if accepted as true, would constitute a FMLA violation.  At best, even Ziccarelli's proposed First Amended Complaint only alleges mere supervisory authority over Ziccarelli's department as a whole, which is insufficient to state a claim against Bushman under the FMLA.  *See, e.g., Noia, supra,* 93 F. Supp. 3d at 17; *Spinelli*, No. 13-CV-07112 (GBD)(SN), 2014 U.S. Dist. LEXIS 107164, at *36.  Thus, the claims arising under the FMLA seeking to hold Bushman individually liable should be dismissed with prejudice.

**C.      Plaintiff Fails to Allege Plausible Facts Sufficient to State a Claim For Improper Disclosure of Medical Information Under New York Common Law.**

**1.      Plaintiff's common law improper disclosure of medical information claim is a tort-based claim that is properly barred by the New York Workers' Compensation Law.**

As addressed in Point I(B) of the NYUHC Defendants' moving brief filed in support of the NYUHC Defendants' Motion to Dismiss, Ziccarelli's Third Cause of Action alleging common law improper disclosure of medical information is derived from the "the implied covenant of trust and confidence that is inherent in the physician-patient relationship, *the breach of which is actionable as a tort." Daly v. Metropolitan Life Ins. Co.,* 782 N.Y.S.2d 530, 534-535 (N.Y. Sup. Ct., New York County 2004) (*emphasis added*).  Since tort-based claims brought by an employee against his employer, including fellow employees, are barred by the exclusivity of remedy provisions set forth in N.Y. Workers' Compensation Law § 11 and § 29(6), the Third Cause of Action must be dismissed with prejudice.

N.Y. Workers' Comp. Law § 29(6) provides in pertinent part:

> The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee ... when such employee is injured or killed by the negligence or wrong of another in the same employ .... *The limitation of liability of an employer ... for the injury or death of an employee shall be applicable to another in the same employ ....*

> [*Emphasis added.*]

"[W]hen a defense based on the exclusivity of the statutory remedy is interposed, no suit against an employer [or a fellow employee] may be maintained for an accidental injury that may be fairly described as 'arising out of and in the course of the employment.'" *Maas v Cornell Univ.*, 253 A.D.2d 1, 3, 683 N.Y.S.2d 634 (3d Dept 1999) *aff'd*, 94 N.Y.2d 87, 699 N.Y.S.2d 716, 721 N.E.2d 966 (1999); N.Y. Workers' Compensation Law § 29(6).

The sole exception to the workers' compensation bar, which is inapplicable here, is where an "intentional tort was perpetrated by the employer or at the employer's direction." *See Martinez v. Canteen Vending Services Roux Fine Dining Chartwheel*, 18 A.D.3d 274, 275 (1st Dep't 2005) [citing *Acevedo v. Consolidated Edison Co.*, 189 A.D.2d 497 (1st Dep't), *lv. dismissed* 82 N.Y.2d 748, 622 N.E.2d 307 (N.Y. 1993)]. In order for "an intentional tort [] [to] give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege 'an intentional or deliberate act by the employer directed at causing harm to this particular employee.'" *Pereira v. St. Joseph's Cemetery*, 54 A.D.3d 835, 836 (2d Dep't 2008). In other words, "the conduct must be engaged in with the desire to bring about the consequences of the act[;] [a] mere knowledge and appreciation of a risk is not the same as the intent to cause injury." *Pereira, supra*, 54 A.D.3d at 836-37 (citing *Acevedo, supra*, 189 A.D.2d at 500). "A result is intended if the act is done with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." *Finch, supra*, 42 A.D.2d at 1035.

"The Workers' Compensation bar applies even though the employee suffers some loss for which he cannot be compensated under the Compensation Law." *Thompson, supra,* 86 A.D.2d at 868.  Where a plaintiff "seeks recovery for injuries, which have not as yet been recognized as compensable (loss of reputation, humiliation and embarrassment), benefits would still be available for psychological injuries, such as depression anxiety or psychotic reactions, as well as physical injuries[]. When the injury is compensable, at least in part, all common law remedies are abrogated[.]" *Thompson, supra,* 86 A.D.2d at 868.

In his opposition to the NYUHC Defendants' Motion to Dismiss, Ziccarelli challenged the application of the New York Workers' Compensation Law exclusive remedy provision on his tort-based claims by arguing that his claims are predicated on his status as a patient of NYUHC rather than as an employee. However, as addressed in the NYUHC Defendants' reply brief, Ziccarelli's claims are inextricably linked to his employment relationship with and his underlying FMLA claims against NYUHC and, according to Ziccarelli, the underlying alleged conduct was motivated by that employment relationship.

Central to Ziccarelli's claim against all defendants, including Bushman and Long, is the allegation, upon information and belief, that his supervisor, Long, or another employee at her direction, had accessed and reviewed his electronic medical records in order to "try[] to find evidence that Plaintiff was capable of returning from his FMLA leave and/or undermin[e] or challeng[e] Plaintiff's FMLA rights and benefits." Compl. ¶ 37.  Ziccarelli alleges he sustained mental and emotional injuries *because of* such purported unauthorized access and review of his medical records. Compl. ¶ 105. Despite Ziccarelli's protestations, his claims clearly arise out of his employment relationship with NYUHC, much like tort-based claims brought in the hostile work environment context by an employee attempting to bring negligent hiring, training, or

13

supervision claims against an employer.[3]   The New York Workers' Compensation Law clearly applies to bar such claims.

Therefore, the Third Cause of Action as against Bushman and Long should be dismissed with prejudice.

> **2.      Even if Plaintiff's claim was not barred by the Workers' Compensation Law, Plaintiff fails to allege plausible facts that would establish a claim against Bushman and Long.**

As discussed in the NYUHC Defendants' Motion to Dismiss, the cause of action for breach of fiduciary duty of confidentiality for unauthorized disclosure of medical records is derived from the "implied covenant of trust and confidence that is inherent in the physician-patient relationship[]."   *Daly v. Metropolitan Life Ins. Co.,* 782 N.Y.S.2d 530, 534-535 (N.Y. Sup. Ct. 2004) (noting that claims alleging the unauthorized disclosure of confidential personal information are similar to claims seen in causes of action for breach of fiduciary duty of confidentiality in the context of a physician-patient relationship where a physician has disclosed a patient's medical records without authorization).   "To state a claim for breach of fiduciary duty, plaintiff must allege '(1) the existence of a fiduciary relationship; (2) a knowing breach of a

---

[3]      As addressed in the NYUHC Defendants' Moving Brief, courts have applied the New York Workers' Compensation Law ("N.Y. W.C.L.") to bar claims brought by employees against employers alleging, *e.g.,* negligent hiring and supervision, negligence in failing to institute and follow policies to prevent discriminatory conduct, and vicarious liability for an employee's intentional tort in the absence of facts that an employer deliberately acted to harm the employee.   *See, e.g., Torres v. Pisano,* 116 F.3d 625 (2d Cir. 1997) (negligence claims based on alleged hostile work environment because of co-worker harassment barred by the N.Y. W.C.L.); *Ferris v. Delta Air Lines, Inc.,* 277 F.3d 128 (2d Cir. 2001) (negligent retention and supervision claims barred by the N.Y. W.C.L.); *Ross v. Mitsui Fudosan, Inc.,* 2 F.Supp.2d 522, 532-33 (S.D.N.Y. 1998) (negligence claims in sexual harassment lawsuit barred by N.Y. W.C.L.); *Rosario v. Copacabana Night Club,* 1998 WL 273110, 1998 U.S. Dist. LEXIS 7840 (S.D.N.Y. May 28, 1998) (Duffy, J.) (negligent hiring, retention and supervision claims barred by N.Y. W.C.L.); *Maas v. Cornell Univ.,* 253 A.D.2d 1, 3 (3d Dept 1999) *aff'd,* 94 N.Y.2d 87 (1999) (negligence claims based upon disciplinary action administered in the course of employment barred by N.Y. W.C.L.); *Nash v. Oberman,* 117 A.D.2d 724, 724-725 (2d Dep't 1986) (employee's claims against employer and company doctor based upon claims she miscarried as a result of their disregard of the substantial risk of miscarriage if she worked full-time under stressful conditions held barred by N.Y. W.C.L.)
      Even gross negligence claims brought against an employer are barred by the N.Y. W.C.L.   *See, e.g., Pasqualini v MortgageIT, Inc.,* 498 F Supp 2d 659, 666-67 (S.D.N.Y. 2007) (claims of grossly negligent hiring, supervision, retention, and infliction of emotional distress arising from workplace sexual harassment held barred by N.Y. W.C.L.)

duty that relationship imposes; and (3) damages suffered.'" *Doe v. Guthrie Clinic, Ltd.*, No. 11-CV-6089T, 2012 U.S. Dist. LEXIS 20507, at *7 (W.D.N.Y. Feb. 17, 2012) (citing *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 Fed. Appx. 472, 474 (2nd Cir. 2009)) (recognizing claims under New York law alleging unauthorized disclosure of confidential health information as a claim of breach of fiduciary duty).

Importantly, there are no facts alleged in Ziccarelli's Complaint, or even in the proposed First Amended Complaint that is the subject of Ziccarelli's cross-motion filed in response to the NYUHC Defendants' Motion to Dismiss, that would suggest the existence of a fiduciary relationship between Bushman and Ziccarelli, or between Long and Ziccarelli, or that they owed Ziccarelli any fiduciary duty whatsoever with respect to his medical records, such as would exist in the case of a physician-patient relationship.  In the absence of a duty of care, "there can be no breach thereof and no liability." *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 458-59 (S.D.N.Y. 2012) (citing *Gray v. Wackenhut Servs., Inc.*, 721 F. Supp. 2d 282, 287 (S.D.N.Y. 2010), *aff'd*, 446 F. App'x 352 (2d Cir. 2011)).

Moreover, even if such a fiduciary duty existed between Bushman and Ziccarelli, Ziccarelli's Complaint is devoid of factual allegations that Bushman improperly accessed or disclosed his medical information, or engaged in any other conduct whatsoever that would establish a breach.  Further, while Ziccarelli claims Long accessed his medical information for the purpose of challenging or undermining his leave of absence, he makes no allegations whatsoever that his medical information was disclosed by Long (or Bushman or any other individual defendant, for that matter) to anyone else.

Therefore, even if the New York Workers' Compensation Law did not apply to bar Plaintiff's common law claim for improper disclosure of medical information against Bushman

and Long, such a claim should be dismissed on the grounds that Ziccarelli has not stated a plausible claim against each of them.

## CONCLUSION

For the foregoing reasons, Defendants Sheryl Bushman and Cheryl Long respectfully urge that their motion for partial dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim be granted in its entirety.

Respectfully submitted,

**GONZALEZ SAGGIO & HARLAN LLP**
*Attorneys for Defendants*

By:    *s/ Steven Gerber*
Dated: February 26, 2016                    Steven Gerber
Ola A. Nunez

16